**[J-50-2018] [OAJC/OISR: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 753 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated June 23, |
| | : | 2017 in the Court of Common Pleas, |
| | : | Dauphin County, Criminal Division at |
| v. | : | No. CP-22-CR-0001773-2000. |
| | : | |
| | : | SUBMITTED: May 14, 2018 |
| HERBERT BLAKENEY, | : | |
| | : | |
| Appellant | : | |

## OPINION IN SUPPORT OF AFFIRMANCE

**JUSTICE DOUGHERTY**                          **DECIDED: September 21, 2018**

I would affirm the PCRA court's orders denying appellant Herbert Blakeney's motions to disqualify the Dauphin County District Attorney's Office and to recuse Judge Cherry and the entire bench of the Dauphin County Court of Common Pleas.[1] I would also affirm the PCRA court's holding it lacked jurisdiction to hear Blakeney's facially untimely second PCRA petition. In my view, no exception to the PCRA time-bar applies here. Contrary to the Opinion in Support of Reversal (OISR), I cannot discern any new and unknown "fact" which would qualify as a predicate to a due process claim arising from racial or religious judicial bias.

The PCRA time-bar at issue is jurisdictional in nature, and this Court has previously stated "jurisdictional time limits go to a court's right or competency to adjudicate a controversy." *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007), *quoting*

---

[1] On this issue, I concur in the result of Sections III and IV of the Opinion in Support of Reversal.

*Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). When considering a claim seeking to invoke Section 9545(b)(1)(ii), the petitioner must establish only "that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." *Commonwealth v. Chmiel*, 173 A.3d 617, 625 (Pa. 2017), *quoting Commonwealth v. Lambert*, 884 A.2d 848, 852 (Pa. 2005); *see also Bennett*, 930 A.2d at 1272. Additionally, a petitioner bears the burden to allege and "establish" — that is **prove** — the above two components. *Bennett*, 930 A.2d at 1272; *see also Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) ("The PCRA petitioner bears the burden of proving the applicability of one of the exceptions"), *citing Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013). "Whether a petitioner has carried his burden [to overcome the PCRA time-bar] is a threshold inquiry that must be resolved prior to considering the merits of any claim." *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016), *citing Edmiston*, 65 A.3d at 346.

Under this clear standard, a petitioner submitting a facially untimely PCRA petition has the burden to prove the new fact upon which his claim is predicated. Judicial review of the evidence presented to meet this burden should not be a perfunctory rubber-stamp. In my view, the OISR imprecisely describes and then blindly accepts Blakeney's alleged "new fact" as true, and as materially related to his conviction and crime. *See Chmiel*, 173 A.3d at 625 (exception to PCRA time-bar exists when there are newly discovered material facts related to the claim at issue). Respectfully, I consider the claim submitted here to be based on conjecture and inference, and unmoored from the underlying conviction.

The question at this stage is whether Blakeney has overcome his threshold burden that a new fact exists upon which his claim is predicated. In my view, Blakeney has not met this initial burden, and accordingly cannot overcome the jurisdictional time-bar. The new "fact" presented here is that email communications "shared" by former Justice J.

Michael Eakin demonstrated racial and religious judicial bias and this judicial bias adversely affected appellate review of his direct appeal and first collateral appeal, which were decided by this Court during the former justice's tenure. Appellant's Brief at 18 ("As an African American Muslim man, [Blakeney] was squarely a mark of the offensive materials shared by Justice Eakin."). Blakeney further alleges this "fact" of racial or religious bias was discovered only after publication of newspaper articles describing the emails. Blakeney specifically alleged the following in his PCRA petition:

> Third, in the case of Justice Eakin, it is evidence of **racial and religious** bias against Petitioner and his case. The email exchanges included the distribution of emails demeaning to both African-Americans and Muslims. Petitioner is African American and Muslim. Petitioner made his religious beliefs part of the case. That Justice Eakin was involved in the widespread distribution of emails demeaning to those groups undermined Petitioner's right to due process and equal protection of the law and, at a minimum, created the appearance of impartiality.

Appellant's PCRA Petition at ¶ 73 (emphasis added). Blakeney clearly asserts the new "fact" upon which his claim is predicated is "[o]ffensive email communications from [Justice Eakin which] displayed cultural biases that implicated [Blakeney's] case — a death penalty proceeding involving an African-American Muslim who represented himself at trial and repeatedly invoked his religion and culture." Appellant's Brief at 10.

My careful review of the referenced newspaper articles does not demonstrate the existence of "email communications . . . display[ing] cultural biases that implicated" Blakeney's case. Rather, my review reveals just one email referencing religion; **received** by Justice Eakin. *See* OISR, slip op. at 5-6.[2] Blakeney notes Justice Eakin did not object

---

[2] The OISR also quotes from Blakeney's PCRA petition regarding a number of emails which are utterly irrelevant to the allegations of racial or religious bias central to this matter. *See* OSIR, slip op. at 5-6. The OISR unnecessarily and gratuitously includes these quotes with no apparent purpose related to the issues before the Court.

to **receipt** of other "emails with offensive content." *See* Petition at ¶¶ 58-60 & Exhibit 4 to the Petition. At the same time, Blakeney ignores the fact "Justice Eakin **sent no emails** which were . . . racist or . . . that denigrated any religion." *See id.* Exhibit 4 at p. 22 (emphasis added). Thus, the only support for the alleged new "fact" of racial or religious judicial bias is the receipt of one disparaging email.

In my view, the PCRA court correctly determined Blakeney failed to meet his burden of proving his claim is predicated upon a new fact of racial or religious judicial bias. *See Chmiel*, 173 A.3d at 625. At best, the newspaper articles submitted by Blakeney to demonstrate the "fact" of specific bias actually contain context that cannot and should not be blindly accepted as "fact," especially when neutral sources exist to contradict the "fact" alleged. *See, e.g.*, PCRA Petition, Exhibit 4 at 22. This Court has previously cautioned against reliance upon newspaper articles as evidence: "allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation. Nothing in these allegations even read in the broadest sense, can be described as 'evidence' . . .." *Commonwealth v. Brown*, 134 A.3d 1097, 1108-09 (Pa. Super. 2016), *quoting Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014). We should not allow a PCRA petitioner to overcome an established jurisdictional time-bar (and further burden an overly-encumbered PCRA court) through bare allegations of "new facts" without any genuine basis, which is what I perceive the OISR endorses here.

The OISR states assessment of the veracity of a fact upon which the claim is predicated should be relegated to the merits analysis. *See* OISR, slip op. at 19, n. 14, & 21. That conclusion, however, ignores the applicable jurisprudence and petitioner's burden at this stage. At this juncture, this Court is concerned with whether or not Blakeney has met his threshold burden of presenting a "fact" upon which his claim is based. *See Robinson*, 139 A.3d at 186. I strongly disagree with the OISR's assertion

that "the veracity of the fact upon which the claim is predicated is a question for merits review of the claim." OISR, slip op. at 21. Permitting, as the OISR would here, a petitioner to overcome the PCRA's jurisdictional time-bar with a mere allegation of bias which, the OISR concedes may have no actual basis in reality, will result in innumerable frivolous and groundless PCRA petitions, as well as completely eviscerate the established PCRA time-bar. In my view, Blakeney has not met the threshold burden to present a new "fact" and overcome the PCRA's jurisdictional limitation.

The OISR relies on the lead opinion in *Chmiel*, which I joined, but in my respectful view, *Chmiel* is completely distinguishable from this case. The newly discovered fact which supported relief in *Chmiel* was an FBI press release which was later reported in a *Washington Post* article. In the press release, the FBI unquestionably **admitted** to performing and conducting training in erroneous methods of microscopic hair analysis. Chmiel sought review of his challenge to the scientific validity of the Commonwealth's expert's hair comparison and methodology, which he claimed he discovered only after the PCRA time-bar had elapsed, *i.e.*, when the FBI admitted its widespread use of scientifically flawed forensic hair analysis methods and training in those methods of state and local analysts who testified at criminal trials. *See Chmiel*, 173 A.3d at 625. In *Chmiel*, not only was there a verifiable new fact, that fact was actually **material** to the petitioner's conviction.

Here, I discern no connection between Blakeney's vague claim of racial and religious bias in the review of his earlier appeals and the email received by Justice Eakin that would be sufficient to support a finding Blakeney can overcome the PCRA jurisdictional time-bar. Such a claim must be predicated upon previously unknown,

material facts.[3]  *See Chmiel*, 173 A.3d at 625; *Bennett*, 930 A.2d at 1272; *Lambert*, 884 A.2d at 852.  We should not overlook the fact that the allegation of bias here is based on the receipt of an email; there is nothing to indicate Justice Eakin opened or read the email and, in fact, the Special Counsel specifically noted Justice Eakin did not send any racially or religiously insensitive emails.  There is nothing to indicate Justice Eakin agreed with and espoused the inflammatory contents of the email which Blakeney is presenting as a factual finding of judicial bias.  In my view, an accusation of judicial bias based on the mere receipt of an email should not be elevated to a finding of the existence of judicial bias as a material fact.

Blakeney has thus made nothing more than imprecise and general allegations of judicial bias and allowing such ambiguous allegations to overcome a jurisdictional limitation is untenable.  The OISR nonetheless accepts as sufficient Blakeney's bald allegations of judicial bias created by "emails reported in the articles and by the Special Counsel that are repugnant generally and which are disparaging to particular groups." OISR, slip op. at 9, n.9.  Of course the emails are repugnant, but their mere existence does not demonstrate the fact of bias, which is Blakeney's primary claim.

The folly of the OISR's position becomes obvious when it is applied to a hypothetical scenario with facts slightly different from those in *Chmiel*.  By way of example, if the forensic evidence presented at Chmiel's trial was not forensic hair comparison analysis, but rather was forensic fingerprint analysis, it is without question the FBI's admission and press release regarding its methods of forensic hair analysis would

---

[3] In fact, I view the current matter as presenting almost the exact scenario envisioned by Justice Mundy in her dissent.  *See Chmiel*, 173 A.3d at 633 n.2 (Mundy, J., dissenting) (questioning whether alleged new fact could impact underlying claim). I agree the submitted fact must be crucial to the claim asserted, and I cannot discern any new fact upon which Blakeney's claims alleging due process violations can be predicated; and consequently, the PCRA court was without jurisdiction to hear Blakeney's untimely appeal.  42 Pa.C.S. § 9545(b)(1)(ii).

not be a "new fact" upon which Chmiel's challenge to forensic fingerprint analysis could be successfully predicated. Similarly, Blakeney's assertion that Justice Eakin exchanged generally offensive email correspondence and received a single email containing offensive religious and racial material does not establish racial and religious bias such that the PCRA time-bar may be overcome. *See* PCRA Court Opinion, slip op. at 4 ("Petitioner's submissions do not constitute fact, but rather a theory that the emails reflect a fact. The existence of emails, investigations or resulting reports bear no nexus to Petitioner's conviction and sentence.").